CLIFTON C. SHINN, receiver, &c.,

*v.*

GUSTAVE A. KUMMERLE et al.

[Submitted April 11th, 1907. Decided May 1st, 1907.]

The General Corporation act, sections 64 and 86 (*P. L. 1896 pp. 298, 304*), making preferments in contemplation of insolvency void, does not authorize equity at the suit of the receiver of a corporation to set aside a judgment against it in favor of the wife of its president, resulting from his activity in her behalf and the purposeless inaction of the remaining directors.

---

On bill by a receiver to set aside a judgment.

*Messrs. Thompson & Cole,* for the complainant.

*Mr. Edward A. Armstrong,* for the defendants.

LEAMING, V. C.

I am unable to reach the conclusion contended for by complainant. It is clear that to relieve against the judgment in question the provisions of sections 64 and 86 of the General Corporation act must be extended beyond their terms and beyond

any scope heretofore given to these sections by the adjudicated cases.

Had the evidence disclosed a concerted plan among the directors to protect this claim by permitting it to go to judgment and then to secure a receivership to prevent the procurement of other judgments, it would be difficult to distinguish the transaction in its inherent quality from a confessed judgment or a voluntary transfer of assets by way of preference, but I am compelled from the evidence to view the judgment as the legitimate result of selfish activity upon the part of the president, in behalf of his wife, involuntarily aided by a purposeless inaction upon the part of the remaining directors. The court of chancery cannot relieve against this unfortunate and unjust situation.

I will advise a decree dismissing the bill.